UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE LEWIS,

      Plaintiff,                     Civil Action No. 15-10963
                                        Honorable Avern Cohn
       v.                       Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

      Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 20]**

Plaintiff Darlene Lewis appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying her application

for disability insurance benefits ("DIB") under the Social Security Act (the

"Act").  The parties were provided deadlines for filing motions for summary

judgment, but Lewis did not file one, while the Commissioner did. [ECF

Nos. 18, 20].  This matter was referred to this Court for a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  After review of the

record, the Court finds that the administrative law judge's ("ALJ") decision

is supported by substantial evidence, and thus **RECOMMENDS**

**GRANTING** the Commissioner's motion for summary judgment [ECF No.

20].

## I.    BACKGROUND

### A.    Lewis's Background and Disability Applications

Born September 4, 1959, Lewis was 52 years old when she submitted her disability application in April 2012. [ECF No. 17-5, Tr. 160]. She worked as a manager for a bar from 1989 to 2004. [ECF No. 17-6, Tr. 181].  Lewis alleged disability from traumatic brain injury, severe headaches, left knee pain, back pain, depression, possible chronic obstructive pulmonary disease, kidney disease, acute cholecystitis, carpal tunnel syndrome, and dry left eye, with an amended onset date of December 31, 2009, which was also her date last insured.  [*Id.*, Tr. 180; ECF No. 17-2, Tr. 22, 39].

After her application was denied initially, Lewis requested a hearing, which took place on September 9, 2013, and included testimony from Lewis and a vocational expert ("VE").  [ECF No. 17-2, Tr. 37-71].  In a November 8, 2013, written decision, the ALJ found Lewis to be not disabled.  [*Id.*, Tr. 47-60].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Lewis timely filed for judicial review.  [*Id.*, Tr. 1-4; ECF No. 1].

**B.    The ALJ's Application of the Disability Framework**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age,

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c).

3

education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Lewis was not disabled. At the first step, she found that Lewis had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 17-2, Tr. 24]. At the second step, she found that Lewis had the severe impairments of "degenerative joint disease, carpal tunnel syndrome, chronic pulmonary disease, obesity, and residuals of hernia." [*Id.*]. Next, the ALJ found that Lewis did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 25].

Between steps three and four, the ALJ found that Lewis had the RFC to perform light work,[2] but with "the opportunity to alternate position for up to 5 minutes approximately every 30 minutes; no climbing of ladders,

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds....[A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." § 1567(b).

4

ropes, scaffolds, or stairs; occasional stooping; no kneeling, crouching, or crawling; frequent handling, fingering, and feeling; no exposure to hazards or vibration; no use of foot or leg controls; and no concentrated exposure to pulmonary irritants." [*Id.*, Tr. 25].

At step four, the ALJ found that Lewis could not perform past relevant work. [*Id.*, Tr. 30]. With the assistance of VE testimony, the ALJ determined at step five that based on Lewis's age, education, work experience and RFC, she could perform the positions of assembler or inspector, for which significant jobs existed in the economy. [*Id.*, Tr. 31-32]. Thus, she found that Lewis was not disabled.

## II.   ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the

evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007).

The significant deference accorded the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has been prejudiced or deprived of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). An ALJ's failure to use an "adjudicatory tool" that does not change the outcome of the decision is harmless. *Id.* at 655-56. On the other hand, substantial errors like ignoring evidence in the record or failing to follow the treating physician rule are not harmless. *Id.*; *Gentry*, 741 F.3d at 723, 729; *Cole v. Astrue*, 661 F.3d 931,

6

940 (6th Cir. 2011).

Lewis was represented when her complaint was filed, but her attorney was terminated from this and other Social Security cases due to malfeasance before a motion for summary judgment was filed on her behalf. [*See* 13-cv-14544, ECF No. 16-4]. The malfeasance came to light after the attorney was "repeatedly criticized by judicial officers in this district, and the relief requested [in his briefs] routinely denied, due to their 'conclusory assertions' and lack of any developed argument." [14-cv-10251, ECF No. 13, PgID 574]. Lewis was given an opportunity to file a motion for summary judgment [*see* ECF No. 18], but she did not do so.

Lewis's failure to prosecute her case could be considered a basis for dismissal, but there is some debate regarding the propriety of dismissing *pro se* social security complaints for want of prosecution. In *Wright v. Comm'r of Soc. Sec.*, No. 09-15014, 2010 U.S. Dist. LEXIS 136402, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010), the court held that dismissal for failure to file a motion for summary judgment is unwarranted because the plaintiff has "no burden to do anything in order to obtain judicial review of the administrative decision except file a timely complaint." Other courts have held that dismissal of Social Security complaints for failure to prosecute is appropriate. *See Salmo v. Comm'r of Soc. Sec.*, No. 11-

7

14926, 2012 U.S. Dist. LEXIS 185107, 2012 WL 6929176, at *2 (E.D. Mich. Nov. 27, 2012) (collecting cases).  Being mindful of this debate and the fact that Lewis did not voluntarily become *pro se*, the Court conducted an independent review of the evidence in the interests of justice.  The Court finds that the ALJ's decision is supported by substantial evidence.

## B.

The medical records reveal that Lewis complained of pain in the mid-back and sacroiliac in January 2006, which was described as musculoskeletal. [ECF No. 17-7, Tr. 290, 292].  She suffered a right knee fracture in March 2007 after falling in her garage.  [*Id.*, Tr. 233-34, 237-39, 257].  She was diagnosed with carpal tunnel syndrome – severe in her left wrist and mild in her right.  [*Id.*, Tr. 243-44].  In 2009, Lewis was diagnosed with gallbladder disease in 2009 and received a laparoscopic cholecystectomy with concurrent umbilical repair. [*Id.*, Tr. 246, 248; ECF No. 17-8, Tr. 393].  A heavy smoker, Lewis was repeatedly noted in 2009 and 2010 to have chest congestion and a productive cough. [ECF No. 17-9, Tr. 311-12; ECF No. 17-8, Tr. 337, 340-43].  And the record demonstrates that Lewis was obese, and disregarded medical advice to adopt a low fat diet in order to control her gallbladder pain and bloating following her 2009 surgery. [ECF No. 17-7, Tr. 248, 265-67; ECF No. 17-8, Tr. 340-43].

8

Despite her ailments, the record does not demonstrate that Lewis required a more restrictive RFC than that found by the ALJ through or after December 31, 2009, her last insured date. Her treating physician, Allan Ebert, D.O., reported during her April 2009 annual examination that her only medications were Retatisis (for dry eyes) and Omeprazole (for acid reflux). [ECF No. 17-8, Tr. 354-58].  Her musculoskeletal examination revealed a normal gait, station and posture, and her upper and lower extremities were within normal limits.  [ECF No. 17-8, Tr. 354-58].  Not much had changed at Lewis's April 2010 annual examination. She had severe nasal congestion that improved when she cut back on smoking; her musculoskeletal examination was still normal; and she added Bayer aspirin as a medication, but discontinued taking a medication for her high blood pressure.  [*Id.*, Tr. 340-43].  An x-ray of Lewis's lower back in 2011 revealed only mild degenerative changes with scoliosis.  [*Id.*, Tr. 453].  With respect to her pulmonary function, Lewis showed only mild restriction as of June 2012. [ECF No. 17-7, Tr. 468].  In April 2013, a doctor with Ortho Michigan reported that Lewis was well-appearing and in no acute distress, despite having mild right knee osteoarthritis. [*Id.*, Tr. 333-34].

In June 2012, Myung Ho Hahn, M.D. rendered the only medical opinion regarding Lewis's RFC in the record, finding that she could perform

9

light work with some exceptions.  [ECF No. 17-3, Tr. 79-80].  The ALJ gave

Dr. Hahn's opinion significant weight, but added restrictions due to Lewis's

musculoskeletal and respiratory impairments.  [ECF No. 17-2, Tr. 30]. This

constitutes substantial evidence in support of the ALJ's RFC. *See Curler v.*

*Comm'r of Soc. Sec.*, 561 F. App'x 464, 473 (6th Cir. 2014) (finding

substantial evidence to support an RFC finding where the ALJ's finding was

more restrictive than the opinion the plaintiff identified); *Warren v. Comm'r of*

*Soc. Sec.*, No. 13–13523, 2014 WL 3708565, at *4 (E.D.Mich. July 28, 2014)

(Battani, J.) (finding substantial evidence to support an RFC finding where

the ALJ's finding was more restrictive than the only medical opinion in the

record).

For these reasons, the ALJ's decision is supported by substantial

evidence.

III.   **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** that the

Commissioner's motion [ECF No. 20] be **GRANTED**, and the

Commissioner's decision be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 1, 2017

10

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.

Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of

HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers

Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

11

**length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections are without merit, it

may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
